UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

CASE NO.:

ELIZABETH ANN ARNOLD, as
Personal Representative of the Estate of
ROBERT HUGH ARNOLD, JR.,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, ELIZABETH ANN ARNOLD, as Personal Representative of the Estate of ROBERT HUGH ARNOLD, JR., by and through undersigned counsel and sues the Defendant, CARNIVAL CORPORATION, and alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages which exceed Seventy-Five Thousand ($75,000.00) Dollars, and the court has diversity jurisdiction pursuant to *28 USC §1332.*

2. The Plaintiff, ELIZABETH ANN ARNOLD, is the widow of ROBERT HUGH ARNOLD, JR. and the duly appointed Personal Representative of the Estate of ROBERT HUGH ARNOLD, JR. ("MR. ARNOLD"), deceased. Attached hereto and made a part hereof as Exhibit "A" is a copy of the Order on Petition for Appointment of Personal Representative for Unsupervised Administration and Wrongful Death Action entered on December 4, 2019, by the Vanderburgh Superior Court, Probate Division.

3. On May 8, 2020, within six months of the establishment of the Estate, and ELIZABETH ANN ARNOLD'S appointment, Plaintiff sent formal notice to Defendant.

4. At all times material the Plaintiff, ELIZABETH ANN ARNOLD, as Personal Representative of the Estate of ROBERT HUGH ARNOLD, JR., was and is a resident and citizen of the State of Indiana, and is Mr. Arnold's widow.

5. At all times material, the Defendant, CARNIVAL CORPORATION, hereafter referred to as "CARNIVAL", was and is a foreign corporation with its principal place of business in Miami-Dade County, Florida.

6. At all times material, Defendant's shipboard nursing staff that provided care and treatment to ROBERT HUGH ARNOLD, JR. was a nurse employee, or agent of the Defendant, CARNIVAL, and was at all times material acting within the scope and course of her employment or agency with CARNIVAL.

7. At all times material, Defendant's shipboard doctor or doctors that provided care and treatment to ROBERT HUGH ARNOLD, JR. was an employee or agent of the Defendant, CARNIVAL, as its ship's physician and was at all times material acting within the scope and course of his/her employment or agency with CARNIVAL.

8. At all times material, the Defendant, CARNIVAL, was the owner and/or operator of the cruise ship CARNIVAL BREEZE.

9. On October 17, 2018, the decedent, MR. ARNOLD, was a passenger on the CARNIVAL BREEZE, which was in territorial waters of Puerto Rico.

10. On that date, MR. ARNOLD presented to the ship's medical center numerous times indicating he was feeling extremely unwell.

11. Despite being in port in an American city, MR. ARNOLD was sent back to his stateroom numerous times, and at one point MR. ARNOLD passed out in the hallway of the ship.

2

12. During the evening of October 17, 2018, the decedent, MR. ARNOLD, presented to the ship's medical center a final time, with difficulty breathing and struggling for air.

13. On the final trip to the ship's medical center, MR. ARNOLD died.

14. MR. ARNOLD presented to the clinic with multiple indicia of serious and life threatening illness, including but not limited to: sweating, dizziness, shortness of breath, breathing trouble, fainting, low oxygen levels, and high sugar levels. He was evaluated by shipboard medical staff. Despite his condition, the ship's physician and medical staff repeatedly sent Mr. ARNOLD back to his cabin, and failed to keep MR. ARNOLD for further testing or evaluation, or, as he/she should have done, immediately transfer him to a hospital ashore.

15. After being sent away from the medical clinic numerous times over the course of the day, MR. ARNOLD began profusely sweating from head to toe. His family rushed him back to the infirmary. Almost immediately upon arrival, Mr. Arnold's eyes rolled back in his head and he subsequently died of an undetected Pulmonary Embolism which had travelled from his left leg.

16. ROBERT HUGH ARNOLD, JR. is survived by his widow, Elizabeth Arnold, who was dependent upon him for financial support and services until his death.

### COUNT I: NEGLIGENT MEDICAL CARE AND TREATMENT VIA EMPLOYEES OR ACTUAL AGENTS

Plaintiff readopts and realleges each and every allegation contained in paragraphs 1 through 16 as though fully set forth herein, and further alleges as follows:

17. The Defendant owed a duty to ROBERT HUGH ARNOLD, JR. to provide prompt and appropriate medical care upon his presentation to the ship's infirmary on October 17, 2018, and thereafter when he collapsed in the hallway of the ship.

18. The Defendant, CARNIVAL, by and through the acts of its employees or agents, including medical personnel, was negligent, in one or more of the following ways:

(a) in failing to properly assess the condition of ROBERT HUGH ARNOLD,

JR.;

(b) in failing to timely diagnose and appropriately treat MR. ARNOLD;

(c) in failing to order appropriate diagnostic tests to further assess his condition;

(d) in failing to obtain consultations with appropriate specialists;

(e) in failing to properly monitor the patient;

(f) in failing immediately to evacuate the patient from the vessel for appropriate and life-saving care in a timely manner;

(g) in deviating from the standard of care for patients in MR. ARNOLD's circumstances; and

(h) in prescribing and dispensing contra-indicated medicines which proximately caused MR. ARNOLD's death.

19. CARNIVAL acknowledged through its hiring and holding out of its medical personnel, including doctors and nurses, that they acted for CARNIVAL; The medical staff, including doctors and the nurses manifested the acceptance of that undertaking by providing care to CARNIVAL's passengers in CARNIVAL's medical center, and CARNIVAL controlled or had the right to control the medical personnel's actions, as more fully set forth *infra* and *supra*.

20. CARNIVAL directly paid the medical personnel for their work in the ship's medical center.

21. The medical center was created, owned and operated by CARNIVAL.

22. CARNIVAL hired and had the right to fire its medical personnel.

23. As a direct and proximate result of the negligence of the Defendant through its employees/agents, as described above, the Plaintiff died.

24. Had ROBERT HUGH ARNOLD, JR. received the appropriate care and treatment, he more likely than not would have survived.

25. As a result of the negligence of the Defendant, through its employees/agents as

4

heretofore described, the Estate of ROBERT HUGH ARNOLD, JR. has become obligated to pay significant medical bills and other expenses.

26. As a result of the negligence of the Defendant, as heretofore described, Elizabeth Arnold, the widow of the decedent, has lost his social security, medical insurance, and the value of his services and incurred expenses for medical care, funeral services and interment.

27. As a result of the negligence of the Defendant, as heretofore described, Elizabeth Arnold, the widow of the decedent has experienced mental and emotional pain and suffering, loss of companionship, and loss of the capacity to enjoy life.

28. The Defendant's negligence proximately caused MR. ARNOLD's death.

WHEREFORE, the Plaintiff, ELIZABETH ANN ARNOLD, as Personal Representative of the Estate of ROBERT HUGH ARNOLD, JR., demands judgment against the Defendant, CARNIVAL CORPORATION, a Liberian Corporation, for compensatory damages, including pre-judgment interest, costs, and all damages allowable by maritime and state law on behalf of the Estate and MR. ARNOLD's survivors, Elizabeth Ann Arnold, and further demands trial by jury of all issues so triable as a matter of right, as well as any further relief as this Court deems just and appropriate.

### COUNT II: NEGLIGENCE (VICARIOUS LIABILITY OF CARNIVAL BASED UPON APPARENT AGENCY)

Plaintiff readopts and realleges each and every allegation contained in paragraphs 1 through 16 as though fully set forth herein, and further alleges as follows:

29. The Defendant owed a duty to ROBERT HUGH ARNOLD, JR. to provide prompt and appropriate medical care upon his presentation to the ship's infirmary on October 17, 2018, and thereafter when he collapsed in the hallway of the ship.

30. The Defendant, CARNIVAL, by and through the acts of its employees or agents,

including medical personnel, was negligent, in one or more of the following ways:

 (a) in failing to properly assess the condition of ROBERT HUGH ARNOLD, JR.;

 (b) in failing to timely diagnose and appropriately treat MR. ARNOLD;

 (c) in failing to order appropriate diagnostic tests to further assess his condition;

 (d) in failing to obtain consultations with appropriate specialists;

 (e) in failing to properly monitor the patient;

 (f) in failing immediately to evacuate the patient from the vessel for appropriate and life-saving care in a timely manner;

 (g) in deviating from the standard of care for patients in MR. ARNOLD's circumstances; and

 (h) in prescribing and dispensing contra-indicated medicines which proximately caused MR. ARNOLD's death.

31. At all times material, the Defendant, CARNIVAL, held out its medical staff, including its doctors and nurses, as its apparent agents who work in CARNIVAL's "medical centers" on the vessel. The Defendant, CARNIVAL, promotes its medical staff and represents them as being their apparent agents through brochures, internet advertising, and communications to passengers on the vessel. That CARNIVAL held out its medical staff as being its direct employees or its actual agents.

32. That the Defendant, CARNIVAL, promotes the idea that the medical staff who work in its "medical centers" are its apparent agents as part of a marketing tool to induce elderly passengers such as the Plaintiff to cruise on its ships.

33. That CARNIVAL manifested to the Plaintiff and his family in this case that its medical staff were acting as its apparent agents in various ways, including but not limited to the following:

 (a) the doctor and nurse both worked at what the Defendant describes in its

6

        advertising as its "medical centers";

(b)     that the "medical centers" are owned and operated by CARNIVAL, which pays to stock the "medical centers" with all supplies, various medicines and equipment;

(c)     that the passenger is billed directly by CARNIVAL through the passengers' Sign and Sail Card, whereas the "medical staff', including the doctor and nurse, are paid salaries by CARNIVAL, to work in the "medical centers"; and

(d)     that CARNIVAL has the right to hire and fire the physicians and nurses.

34.     The medical staff in this case were required by CARNIVAL to wear CARNIVAL uniforms which include name tags, and which display the CARNIVAL name and logo. Further, the cruise line holds out the ship's physicians and medical staff as the apparent agents of the cruise line. The Defendant through its actions and conduct represents to its cruise passengers including, but not limited to the Plaintiff herein and his family, that the shipboard physicians and medical staff work for the benefit of the Defendant. These actions and conduct of the cruise line include but are not limited to the following:

(a) The Defendant controls cruise line physicians attire, which includes, at times, a uniform with epaulettes and stripes similar to other crewmembers;

(b) The Defendant cruise line offers physicians benefits including senior officer status, round-trip transportation from residence to the ship, uniforms, meals, private furnished cabins with refrigerators, telephones, computers with internet access, daily housekeeping services, and indemnification and health care;

(c) The Defendant cruise line requires that the ship's physicians sail with the

ship;

(d) The Defendant cruise line provides the onboard Medical Center;

(e) The Defendant cruise line allows and requires the ship's physicians to operate and provide services out of the ship's Medical Center which is provided by the cruise line and which is equipped by the cruise line;

(f) The Defendant cruise line charges the services of the medical center, which includes services of the ship's doctors and other medical staff and charges for the medical equipment and goods provided by the cruise line, to the passenger's onboard Sail and Sign Account;

(g) The ship's physicians represented themselves to passengers that they are employees of Defendant, CARNIVAL;

(h) The Defendant cruise line limits the hours and area of the ship where passengers can receive medical services to the ship's Medical Center, which is staffed exclusively by shipboard medical personnel;

(i) The Defendant publishes the Medical Center's daily office hours in its flyer distributed to all passengers aboard its ships; and

(j) The Defendant cruise line requires the shipboard physicians and medical staff to be on call 24 hours to attend to passenger medical emergencies.

35. The ship's physician is considered to be an Officer on board the vessel and a member of the crew, and was introduced to the passengers as one of the ship's Officers.

36. Both the ship's doctor and the nurses were held out to the passengers by CARNIVAL as members of the ship's crew.

37. The Defendant put the ship's physician and nurse under the command of the ship's superior officers, including the Master of the ship.

38. The cruise line represents to immigration authorities that the physician and nurse are members of the ship's crew.

39. Both the ship's doctor and nurses are permitted to eat with the ship's crew.

40. The ship's physician and nurse provide services in the ship's "medical centers" and the Plaintiff had no alternative to going to the ship's medical center to be seen for his symptoms.

41. At the time of Plaintiff's illness, the Plaintiff was seen, examined and treated by the ship's nurse and/or physician. Based on the foregoing, the Plaintiff reasonably believed that the ship's nurse and doctor were acting as direct employees or actual agents on behalf of the Defendants, and was never given any reason to believe otherwise.

42. MR. ARNOLD and his family relied to their detriment on their belief that the physician and nurse were direct employees or actual agents of the Defendant in that MR. ARNOLD followed the advice of CARNIVAL's nurse and/or physician and did not seek any further medical testing or evaluation while the ship was in Puerto Rico, by not requesting a transfer ashore. MR. ARNOLD would not have followed the advice of the ship's medical personnel had he suspected they were not the agents of CARNIVAL.

43. As a result of the Plaintiff's reliance upon the ship's medical staff, MR. ARNOLD was not properly treated such that he died.

44. That the Defendant is liable to the Plaintiff for any and all damages as a result of negligent medical care by the physician and/or nurse under the theory of apparent agency.

WHEREFORE, the Plaintiff, ELIZABETH ANN ARNOLD, as Personal Representative of the Estate of ROBERT HUGH ARNOLD, JR., demands judgment against the Defendant, CARNIVAL CORPORATION, a Liberian Corporation, for compensatory damages, including pre-judgment interest, costs, and all damages allowable by maritime and state law on behalf of the Estate and MR. ARNOLD's survivors, Elizabeth Ann Arnold, and further demands trial by jury

of all issues so triable as a matter of right, as well as any further relief as this Court deems just and appropriate.

Dated July 13, 2020.

>Todd J. Michaels, Esq.
>THE HAGGARD LAW FIRM
>*Counsel for Plaintiff*
>330 Alhambra Circle
>Coral Gables, Florida 33134
>Telephone: (305) 446-5700
>Facsimile: (305) 446-1154
>tjm@haggardlawfirm.com
>
>BY: /s/ *Todd J. Michaels*
>       TODD J. MICHAELS
>       Florida Bar No. 568597

## **CERTIFICATE OF SERVICE**

      I electronically filed the foregoing with the Clerk of the Court using CM/ECF on this 13th day of July, 2020.  I also certify that the foregoing document is being served this date on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

      By: */s/ Todd J. Michaels*
      Todd J. Michaels

## SERVICE LIST

**Todd J. Michaels, Esquire**
Florida Bar No.: 565897
tjm@haggardlawfirm.com
The Haggard Law Firm
330 Alhambra Circle
Coral Gables, FL 33134
Telephone: 305-446-5700
Facsimile: 305-446-1154
*Counsel for Plaintiff*